IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | NO. 8:24-CR-72 |
| vs. | MEMORANDUM AND ORDER ON THE DEFENDANT'S MOTION IN LIMINE AND REQUEST FOR EVIDENTIARY HEARING |
| KYLE J. LOGAN, | |
| Defendant. | |

## I. INTRODUCTION

Defendant Kyle J. Logan is charged with production and possession of child pornography. Filing 1. This matter is before the Court on the defendant's Sealed Motion in Limine. Filing 35. The defendant seeks to prevent any mention or evidence regarding electronic communication between the defendant and three minors. Filing 35 at 1. The defendant contends that this evidence is not admissible under Federal Rules of Evidence 404, 413, and 414. Filing 35 at 1. In addition, the defendant "requests this matter be set for evidentiary hearing during which the formal rules of evidence are applied." Filing 35 at 1–2. For the reasons stated below, the defendant's Motion is denied without prejudice.

1

## II. LEGAL ANALYSIS

### A. Motion in Limine

Federal Rule of Evidence 104(a) provides, "The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." Motions in limine "serve as a gatekeeping function that permits a trial judge to exclude or eliminate inadmissible evidence submissions that ought not be presented to a jury." *McGuire v. Cooper*, No. 16-4, 2018 WL 3935053, at *1 (D. Neb. Aug. 16, 2018) (citing *Jonasson v. Lutheran Child and Family Services*, 115 F.3d. 436, 440 (7th Cir. 1997)). However, the defendant filed the Motion at issue under seal, Filing 34 (Motion to File under Seal), and provided very little in the way of the factual background in this case. *See generally* Filing 35; Filing 36. As the Court has previously stated, "it should be obvious to the parties that the Court cannot effectively rule on a motion in limine without the precise evidence at issue before the Court. Nevertheless, it all too often appears that 'the parties think the court lives in the discovery file.'" *Walls v. Union Pac. R.R. Co.*, No. 8:20CV413, 2022 WL 4082143, at *4 (D. Neb. Sept. 6, 2022) (quoting *United States v. Yuot*, No. CR 07-4091-MWB, 2008 WL 2954669, at *1 (N.D. Iowa July 25, 2008)). Because the defendant failed to provide the evidence that he seeks to have excluded at trial, the Court cannot at present rule on the defendant's Motion. Thus, the defendant's Motion in Limine is denied without prejudice to reassertion, provided that the defendant furnishes the Court with the challenged evidence.

### B. Request for an Evidentiary Hearing

The defendant's failure to provide the Court with the challenged evidence may be explained by the defendant's request for an evidentiary hearing "pursuant to [Federal Rule of Evidence] 104(b), during which the formal rules of evidence are applied." Filing 36 at 8. NECrimR

12.3(d)(1) provides, "The court determines whether an evidentiary hearing is required on a pretrial motion." The defendant's request for such a hearing is denied for two reasons: an evidentiary hearing is unnecessary in this case; and even if it were, the formal rules of evidence would be inapplicable.

   1. *An Evidentiary Hearing Is Unnecessary*

The challenged evidence—as described but not provided by the defendant—relates to "electronic communications, of both a sexual and non-sexual nature, between Defendant and J.I., Defendant and J.D., and Defendant and L.M[.]." Filing 36 at 1. The basis for the defendant's challenge is that this evidence is not permissible under Rules 404(b), 413, or 414.[1] Filing 36 at 1. Evidentiary hearings outside the presence of the jury are only required when "(1) the hearing involves the admissibility of a confession; (2) a defendant in a criminal case is a witness and so requests; or (3) justice so requires." Fed. R. Evid. 104(c). As the challenged evidence does not relate to a confession, and the defendant has not indicated his intention to testify in this case, an evidentiary hearing is only necessary if "justice so requires." *Id.* Justice does not require holding an evidentiary hearing because such a hearing would not be helpful to determine the admissibility of the challenged evidence.

First, Rule 404(b) states, "Evidence of any other crime, wrong, or act . . . may be admissible for [a non-propensity] purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." To be admissible under Rule 404(b), evidence must be "(1) relevant to a material issue, (2) similar in kind and not overly remote in time

---

[1] Plainly, there is no need to hold an evidentiary hearing to determine whether "the defendant is accused of a sexual assault" for Rule 413 purposes or whether an alleged victim is "below the age of 14" for Rule 414 purposes. Thus, the Court will focus on the defendant's Rule 404(b) argument.

to the crime charged, (3) supported by sufficient evidence to support a jury finding that the defendant committed the prior act, and (4) of probative value not substantially outweighed by its prejudicial effect." *United States v. Proto*, 91 F.4th 929, 932 (8th Cir. 2024) (citing *United States v. Monds*, 945 F.3d 1049, 1052 (8th Cir. 2019)). The challenged issue here relates to "electronic communications." Filing 36 at 1. Were the Court provided with these communications, it could determine (1) relevance, (2) similarity and proximity to the crime charged, and (4) the balance between probative value and prejudicial effect by simply examining the communications. As to whether the evidence is "(3) supported by sufficient evidence to support a jury finding that the defendant committed the prior act," *Proto*, 91 F.4th at 932, the defendant is not challenging disputed witness testimony but documentary evidence, and there is no indication that the defendant challenges the authenticity of the challenged messages. If the defendant were challenging disputed witness testimony, an evidentiary hearing may be appropriate to permit the Court to observe the conduct and demeanor of the witness. *See United States v. Mshihiri*, 816 F.3d 997, 1004 (8th Cir. 2016) ("The district court . . . has a distinct advantage in evaluating the credibility of witnesses."). There is no similar "credibility" determination for the Court to make with respect to the defendant's electronic communications. Thus, from the defendant's own description, none of the challenged evidence necessitates an evidentiary hearing.

    2. *The Rules of Evidence Do Not Apply to Preliminary Hearings*

As stated above, under Rule 104(a), "[t]he court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." Federal Rule of Evidence 1101(d)(1) further provides that evidentiary "rules—except for those on privilege—do not apply to . . . the court's determination, under Rule 104(a), on a preliminary question of fact governing

admissibility." Thus, in a preliminary evidentiary hearing, the Court can consider all available evidence, except for privileged evidence, in ruling on motions in limine.

Despite the clear language of Rules 104(a) and 1101(d), the defendant apparently believes it appropriate to seek a preliminary evidentiary hearing where the Federal Rules of Evidence apply if he simply asserts that the hearing is "pursuant to [Federal Rule of Evidence] 104(b)." Rule 104(b) provides, "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later." The defendant contends that *United States v. Armstrong*, 782 F.3d 1028, 1034 (8th Cir. 2015), supports his position. In *Armstrong*, the Eighth Circuit stated, "In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred, and that the defendant was the actor. Such questions of relevance conditioned on a fact are dealt with under Federal Rule of Evidence 104(b)." *Id.*

The advisory note to Rule 104(b) describes the treatment of "conditionally relevant" evidence and forecloses the defendant's argument that the Rules of Evidence must apply to his requested preliminary hearing. The note states,

> The judge makes a preliminary determination whether the foundation evidence is sufficient to support a finding of fulfillment of the condition. If so, the item is admitted. If after all the evidence on the issue is in, pro and con, the jury could reasonably conclude that fulfillment of the condition is not established, the issue is for them. If the evidence is not such as to allow a finding, the judge withdraws the matter from their consideration.

Fed. R. Evid. 104(b) advisory committee note. The "preliminary determination whether the foundation evidence is sufficient," *id.*, is a "preliminary question about whether . . . evidence is admissible," and is therefore governed by Rule 104(a). Because Rule 104(a) governs this determination, "the court is not bound by evidence rules, except those on privilege." Fed. R. Evid.

104(a). The Eighth Circuit's analysis in *Armstrong* simply reiterates the standard—that is, whether "the jury can reasonably conclude that the act occurred"—that is applied by the judge to similar act evidence. *See also Huddleston v. United States*, 485 U.S. 681, 690 (1988) (providing that courts must only "decide[ ] whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence" before admitting evidence). Nowhere in *Armstrong* does the Eighth Circuit suggest that the Rules of Evidence apply to these preliminary determinations. Thus, even if the Court were to hold an evidentiary hearing on the defendant's Motion in Limine, the Rules of Evidence would not apply.

### III. CONCLUSION

For the reasons stated above, the defendant's Motion in Limine is denied. The Court cannot rule on evidence that the defendant has not provided to the Court. If the defendant wants the Court to "decide any preliminary question about whether . . . evidence is admissible," the defendant must furnish this evidence alongside his Motion. Fed. R. Evid. 104(a). In addition, the defendant is not entitled to an evidentiary hearing because such a hearing is unnecessary. The defendant's failure to include the challenged evidence alongside his Motion is not sufficient reason to conduct a hearing on the matter. Finally, the defendant's contention that the rules of evidence would apply to a preliminary hearing on the admissibility of evidence is wholly meritless. Accordingly,

IT IS ORDERED that the defendant's Sealed Motion in Limine, Filing 35, is denied without prejudice to reassertion.

Dated this 16th day of October, 2024.

BY THE COURT:

_____
Brian C. Buescher

United States District Judge